■ RALPH MERCADO, Appellant, v JERRY SHUSTEK, Respondent. [765 NYS2d 628] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered May 2, 2001, dismissing plaintiff's complaint and bringing up for review an order, same court and Justice, entered on or about April 5, 2000, granting defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs. Appeal from the April 5, 2000 order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Plaintiff is prominent in the field of Latin music, and defen-

dant is a confidant of a popular Latin star who is a former client of plaintiff. The motion court correctly concluded that the complained-of remark by defendant, likening plaintiff to a figure in the entertainment business of dubious repute, did "not have a precise meaning," and could not "be objectively characterized as true or false," and therefore was "pure opinion" and, as such, nonactionable (*see Daniel Goldreyer, Ltd. v Van de Wetering*, 217 AD2d 434 [1995]). Were we instead to find the statement at issue one of "opinion based upon fact" (*see id.* at 435), we would still find it nonactionable, since the pertinent facts, while not attributed to defendant, are fully set forth in the article (*see Brian v Richardson*, 87 NY2d 46, 53-54 [1995]). Defendant's remarks, as quoted, contain no "implications of additional undisclosed facts" (*cf. Daniel Goldreyer*, 217 AD2d at 435). Nor do defendant's otherwise nonactionable remarks become actionable because they appeared in the Sunday magazine supplement of a nationally respected newspaper. Considering the entire relevant context, defendant's relationship to plaintiff's former client is fully disclosed, making clear "that [defendant] was not a disinterested observer," and we note his remarks were accompanied by a "recitation" of the "contextual background" (*see Brian*, 87 NY2d at 53). Concur—Buckley, P.J., Nardelli, Sullivan, Williams and Lerner, JJ.